Ryan A. Graham, Esq., Cal. Bar No. 310186
**LAW OFFICES OF RYAN A. GRAHAM, ESQ.**
1049 Havenhurst Dr., No. 510
West Hollywood, CA 90046-6002
Tel.: (323) 792-6377 | Fax: (323) 345-5035
Email: ryan@ryan.law
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY R. VUZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DCSS III, INC (D/B/A GOSSIP GRILL), *et al.*,<br><br>　　　　Defendants. | Case No.: 3:20-CV-246-GPC-AGS<br>Hon. Andrew G. Schopler<br><br>**Joint Motion to Modify Scheduling Order/Continue Discovery Deadlines** |

　　　Plaintiff Ashley R. Vuz, Defendant County of San Diego, Defendant City of San Diego, Defendant Matthew Zajda, Defendant DCSS III, Inc., Defendant Maria Rocha, Defendant Dwayne Wynne, and Defendant Arnell Casteel hereby submit their joint motion requesting the Court extend the currently-pending dates in the scheduling order (ECF No. 63) by approximately four months—or 16 weeks.

///
///
///
///
///
///
///
///
///

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On July 22, 2020 (ECF No. 63), the Court issued a scheduling order setting the following case management deadlines, which the parties request be modified as follows:

| *Current Date* | *Event/Deadline* | *Proposed Date* |
|---|---|---|
| May 6, 2021 | Completion of fact discovery. ECF No. 63 ¶ 2. | August 26, 2021 |
| March 11, 2021 | Initial expert designation. *Id* at ¶ 4. | July 1, 2021 |
| April 15, 2021 | Rebuttal expert designation. *Id.* at ¶ 4. | August 5, 2021 |
| March 11, 2021 | Rule 26(a)(2)(A) and (B) disclosures. *Id.* at ¶ 5. | July 1, 2021 |
| April 15, 2021 | Supplemental disclosures regarding contradictory or rebuttal evidence. *Id.* at ¶ 6. | August 5, 2021 |
| May 6, 2021 | Completion of expert discovery. *Id.* at ¶ 7. | August 26, 2021 |
| May 6, 2021. | Pretrial motion filing deadline. *Id.* at ¶ 8. | August 26, 2021 |
| April 22, 2021, at 9:00 a.m. | Mandatory settlement conference. *Id.* at ¶ 9. | August 12, 2021, at 9:00 a.m. |
| April 15, 2021 | Deadline to lodge confidential settlement briefs. *Id.* at ¶ 9. | August 5, 2021 |
| May 21, 2021 | Pretrial disclosure deadline. *Id.* at ¶ 12. | September 10, 2021 |

| May 28, 2021 | Deadline to meet and confer regarding simplification of triable issues, as required by L.R. 16.1(f)(4)(c). *Id.* at ¶ 13. | September 17, 2021 |
| --- | --- | --- |
| June 4, 2021 | Deadline for Plaintiff's counsel to provide opposing counsels with proposed pretrial order. *Id.* at ¶ 14. | September 24, 2021 |
| June 11, 2021 | Deadline to prepare, serve, and lodge the Proposed Final Pretrial Conference Order. *Id.* at ¶ 15. | October 1, 2021 |
| June 18, 2021, at 1:30 p.m. | Final pretrial conference. *Id.* at ¶ 16. | October 8, 2021, at 1:30 p.m. |

Pursuant to Federal Rule of Civil Procedure 16, courts are empowered to continue dates in a scheduling order for good cause. Here, such good cause exists for several reasons.

First, Defendant County of San Diego and City of San Diego have requested that Plaintiff submit to a psychological examination. Due to the proposed expert's availability in conjunction with needing to file a motion to compel IME, examination dates were not available until April and the proposed expert needs time to complete her report after that date. The Parties have also confirmed that Plaintiff is available for a psychological examination in early April. A hearing on the City and County's motion to compel IME is was held Friday, February 12 and the Court granted the motion to compel. [ECF No. 103]. The IME is therefore scheduled to move forward in early April which is after the current March 11 discovery cut-off date. Continuing the dates will allow ample time to complete expert discovery.

Second, City Defendants and the County Defendants have just answered the Second Amended Complaint. [*See* ECF Nos. 100 and 101.] In order for Plaintiff to conduct discovery on the Defendants' defenses, a reasonable period of discovery following the filing of Defendants' answers is required. While the Parties have been diligently conducting discovery, it is anticipated more time will be needed for the Parties to complete discovery, especially considering County Defendants and City Defendants

have just filed answers.

The Parties have largely been successful in resolving their discovery disputes informally. Plaintiff has successfully resolved discovery disputes with each cluster of defendants—Defendant City of San Diego, Defendant County of San Diego, and Defendant DCSS III, Inc.—without filing a single motion. Defendants County of San Diego and City of San Diego have also challenged written discovery responses from Plaintiff, and these disputes have also been resolved without the filing of a single motion. While the self-executing nature of discovery contemplated by the Federal Rules is often aspirational, the Parties in this case have been diligent in pursuing discovery and successful in resolving their disputes. Despite this cooperation, more time is necessary in order to complete discovery on this case.

## ATTESTATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, the filer certifies that the content of this document is acceptable to all signatory counsel, and that the filer has obtained their authorizations to affix their electronic signatures to this document.

DATED: Feb. 17, 2021   LAW OFFICES OF RYAN A. GRAHAM, ESQ.
By: /s/ Ryan A. Graham, Esq.
Attorneys for Plaintiff Ashley R. Vuz

DATED: Feb. 17, 2021   Office of County Counsel
By: /s/ Alexa Katz, Esq.
Attorneys for Defendants County of San Diego and Emily Chow

DATED: Feb. 17, 2021   SAN DIEGO CITY ATTORNEY'S OFFICE
By: /s/ Jacqueline McQuarrie, Esq.
Attorneys for Defendants City of San Diego and Matthew Zajda

DATED: Feb. 17, 2021   HOSP, GILBERT & BERGSTEN
By: /s/ Warren Gilbert, Esq.
Attorneys for Defendants DCSS III, Inc., Dwayne Wynne, Maria Rocha, and Arnell Casteel