# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY R. VUZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DCSS III, INC. (d/b/a GOSSIP GRILL), et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-cv-00246-GPC-AGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 121]** |

On June 4, 2021, Plaintiff filed an ex parte application for leave to file under seal documents in connection to the Motion for Settlement Approval and Dismissal Pursuant to Rule 41(a)(2) filed by Plaintiff and Defendants DCSS III, Casteel, Rocha, and Wynne (ECF No. 123). ECF No. 121. Specifically, Plaintiff seeks to file the related memorandum of points and authorities and supporting declaration with the settlement amount and amount of an attorney lien redacted, and to file unredacted versions under seal. For the reasons that follow, the Court **DENIES** Plaintiff's application without prejudice.

\ \ \

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record attached to a dispositive motion must articulate justifications for sealing that "outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178–79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Id.* at 1178–80. However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c) to rebut the presumption of public access. *Id.* at 1180. The Ninth Circuit has suggested that the technical dispositive or non-dispositive label on the motion does not necessarily control, but rather that courts must consider how closely the motion bears on issues central to the merits. *See In re Midland National Life Insurance Company Annuity Sales Practices Litigation*, 686 F.3d 1115 (9th Cir. 2012); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016). Without Ninth Circuit guidance on the issue, lower courts have differed on the question of whether a motion for settlement approval is dispositive or non-dispositive for the purpose of deciding a motion to file documents under seal. *See Select Portfolio Servicing v. Valentino*, No. C 12-0334 SI, 2013 WL 1800039, at *2 (N.D. Cal. Apr. 29, 2013) (collecting cases).

A noticed motion for approval of settlement under Federal Rule of Civil Procedure 41(a)(2) is unusual, and thus case law related to whether such motions should be considered dispositive or non-dispositive for the purposes of a motion to seal is scarce. Applying the general principles articulated by the Ninth Circuit, the Court finds that the motion can likely be considered non-dispositive. Technically, approval of the settlement would dismiss certain parties from the case. However, resolving the motion would likely not touch on substantive issues related to the merits, as a Rule 41(a)(2) is generally not an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(2); *Kamakana*, 447 F.3d at 1179 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)) (noting that non-dispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action'"); *Foltz*, 331 F.3d at 1135–36 (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)) (finding good reason to distinguish right of access to materials attached to summary judgment motions from those attached to non-dispositive motions because "summary judgment adjudicates substantive rights and serves as a substitute for trial"). Accordingly, the Court presumes for the purposes of this Order that the good cause standard applies.

"[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" for good cause. *In re Roman Archbishop of Portland Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Confidential settlement agreements may be protected under Rule 26(c), but the parties still must demonstrate good cause for protection. *See Phillips*, 307 F.3d at 1212; *cf. Foltz*, 331 F.3d at 1136–38 (existence of confidentiality provisions in protective order governing discovery does not constitute compelling reason for maintaining documents under seal when they are attached to dispositive motion).

\ \ \

3
3:20-cv-00246-GPC-AGS

Here, the settlement amount has been disclosed to counsel for the non-settling Defendants, *see* ECF No. 123-1 (Gilbert Decl.) ¶ 4, and Plaintiff has narrowly tailored her request to redact only the settlement amount and the amount of a lien filed by Plaintiff's formal counsel, which could reveal the settlement amount if there are references to the relative size of the lien compared to the settlement amount. *See* ECF No. 121-2 (Graham Decl.) ¶¶ 7, 9. However, Plaintiff only supports her argument that good cause exists for redaction of the settlement amount with reference to the fact that the settlement agreement contains a confidentiality provision. However, as the Ninth Circuit indicated in *Phillips* and *Foltz*, a confidentiality agreement, standing alone, does not by itself constitute good cause or a compelling reason to seal. The Court cannot conclude that good cause supports Plaintiff's motion to seal without any indication of what specific harm or prejudice will result if the information is disclosed. *Kamakana*, 447 F.3d at 1179–80.

The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's application to seal. On or before **June 14, 2021**, Plaintiff shall either: (1) file unredacted versions of the Declaration of Ryan A. Graham, Esq. in Support of Motion for Settlement Approval and Memorandum of Points and Authorities in Support of Motion for Settlement Approval; or (2) file a renewed application to seal making a "particularized showing" of the specific harm or prejudice that will result if the information is disclosed to enable the Court to determine whether good cause exists to permit sealing of the unredacted documents.

**IT IS SO ORDERED.**

Dated: June 7, 2021

Hon. Gonzalo P. Curiel
United States District Judge