UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY R. VUZ,<br><br>  Plaintiff,<br><br>v.<br><br>DCSS III, INC. (d/b/a GOSSIP GRILL), et al.,<br><br>  Defendants. | Case No.: 3:20-cv-00246-GPC-AGS<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED EX PARTE APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 125]** |

On June 14, 2021, following the Court's order denying without prejudice Plaintiff's previous motion to seal (ECF No. 124), Plaintiff filed a renewed ex parte application for leave to file under seal documents in connection to the Motion for Settlement Approval and Dismissal Pursuant to Rule 41(a)(2) filed by Plaintiff and Defendants DCSS III, Casteel, Rocha, and Wynne (ECF No. 126).  ECF No. 125. Plaintiff seeks to file the related memorandum of points and authorities and supporting declaration with the settlement amount and amount of an attorney lien redacted, and to file unredacted versions under seal.  For the reasons that follow, the Court **GRANTS** Plaintiff's application.

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record attached to a dispositive motion must articulate justifications for sealing that "outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178–79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Id.* at 1178–80. However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c) to rebut the presumption of public access. *Id.* at 1180. The Ninth Circuit has suggested that the technical dispositive or non-dispositive label on the motion does not necessarily control, but rather that courts must consider how closely the motion bears on issues central to the merits. *See In re Midland National Life Insurance Company Annuity Sales Practices Litigation*, 686 F.3d 1115 (9th Cir. 2012); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016). Without Ninth Circuit guidance on the issue, lower courts have differed on the question of whether a motion for settlement approval is dispositive or non-dispositive for the purpose of deciding a motion to file documents under seal. *See Select Portfolio Servicing v. Valentino*, No. C 12-0334 SI, 2013 WL 1800039, at *2 (N.D. Cal. Apr. 29, 2013) (collecting cases).

The Court reiterates its previous finding that the present application to seal should be evaluated under the Rule 26(c) "good cause" standard because resolving Plaintiff's Rule 41(a)(2) motion is fairly attenuated from the merits of the case. *See* Fed. R. Civ. P. 41(a)(2); *Kamakana*, 447 F.3d at 1179  (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)) (noting that non-dispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action'"); *Foltz*, 331 F.3d at 1135–36 (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)) (finding good reason to distinguish right of access to materials attached to summary judgment motions from those attached to non-dispositive motions because "summary judgment adjudicates substantive rights and serves as a substitute for trial").

"[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" for good cause. *In re Roman Archbishop of Portland Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).  Confidential settlement agreements may be protected under Rule 26(c), but the parties still must demonstrate good cause for protection.  *See Phillips*, 307 F.3d at 1212; *cf. Foltz*, 331 F.3d at 1136–38 (existence of confidentiality provisions in protective order governing discovery does not constitute compelling reason for maintaining documents under seal when they are attached to dispositive motion).

The Court previously denied Plaintiff's application to file the documents under seal without prejudice because Plaintiff had not articulated good cause for sealing.  *See* ECF No. 124 at 4.  In Plaintiff's renewed motion, she raises several points in support of her argument that good cause exists to file the unredacted documents under seal.  Plaintiff notes that the settling defendants, not Plaintiff, had sought to include the confidentiality provision in the settlement agreement, and thus the settlement could be jeopardized if she could not proceed without disclosing the settlement amount.  Plaintiff also explains that

1  the terms of the settlement agreement would ordinarily not even need to be filed with the
2  Court, and that it is only required because non-settling defendants would not agree to a
3  stipulation Rule 41(a)(1)(A)(ii).  Additionally, Plaintiff notes that settling defendants
4  maintain that revealing the settlement amount would harm their restaurant's business.
5       The Court finds that based on the unique circumstances of the present case, good
6  cause supports granting the limited scope sealing order sought by Plaintiff.  Plaintiff
7  intends to publicly file the documents with narrowly tailored redactions.  The only
8  information that would be shielded from public view is the settlement amount and
9  reference to the amount of a lien that would reveal the settlement amount.  This is
10 information that would not ordinarily be publicly filed, and requiring Plaintiff to disclose
11 the settlement amount in these circumstances would require the parties to go back to the
12 negotiating table, potentially prolonging the litigation.  While the Court is not necessarily
13 convinced that the potential harm to settling defendants' business as a result of disclosure
14 of the settlement amount would on its own provide good cause in most circumstances,
15 this point does support Plaintiff's assertion that the confidentiality provision was the
16 result of serious negotiations between the parties and was not merely included as a matter
17 of course.  Requiring disclosure of the settlement amount would undermine the parties'
18 efforts to resolve the litigation on mutually agreeable terms, and would only marginally
19 promote the public interest in accessing judicial records given the limited scope of the
20 sealing order sought.
21      The Court therefore finds that in the interests of expeditious resolution of this
22 litigation, good cause supports maintaining the confidentiality of the settlement amount
23 for the purposes of the motion under Rule 41(a)(2).
24 \ \ \
25 \ \ \
26 \ \ \
27
28

The Court accordingly **GRANTS** Plaintiff's application to seal and **DIRECTS** the Clerk of Court to file under seal the documents lodged at ECF No. 126.  The Court also **ORDERS** that on or before **June 18, 2021**, Plaintiff shall publicly file redacted versions of the Declaration of Ryan A. Graham, Esq. in Support of Motion for Settlement Approval and Memorandum of Points and Authorities in Support of Motion for Settlement Approval.

**IT IS SO ORDERED.**

Dated:  June 16, 2021

Hon. Gonzalo P. Curiel
United States District Judge