ROBERT A. ORTIZ, Senior Deputy (SBN 246849)
ALEXA KATZ, Deputy (SBN 317968)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4874; Fax: (619) 531-6005
E-mail: alexa.katz@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and Emily Chow

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLEY R. VUZ,<br><br>   Plaintiff,<br><br>   v.<br><br>DCSS III, Inc., a California corporation doing business as GOSSIP GRILL; DWAYNE WYNNE, an individual; COUNTY OF SAN DIEGO, a political subdivision on the State of California, EMILY CHOW, an individual; CITY OF SAN DIEGO, a municipal corporation; MATTHEW ZADJA, an individual; and DOES NOS. 1 THROUGH 45, individuals,<br><br>   Defendants. | No. 20cv0246-GPC-AGS<br><br>**RESPONSE TO MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL PURSUANT TO RULE 41(a)(12)**<br><br>Date: September 17, 2021<br>Time: 1:30 p.m.<br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D |

**I.**
**COUNTY DEFENDANTS DO NOT OPPOSE THE ENTRY OF SETTLEMENT AND DISMISSAL BUT RESERVE THEIR RIGHT TO INCLUDE DCSS III DEFENDANTS ON THE VERDICT FORM**

Defendants County of San Diego and Emily Chow (collectively, "County Defendants") do not oppose Plaintiff Ashley Vuz's and DCSS III Defendants'[1] Motion for Settlement Approval and Dismissal Pursuant to Rule 41(a)(12). (ECF Nos. 123, 129.)

---

[1] Defendants DCSS III, Dwayne Wynne, Arnell Casteel, Maria Rocha, and Jermaine Castaneda are identified collectively as DCSS III Defendants.

County Defendants simply seek to reserve their right to include DCSS III Defendants on the verdict form or potentially argue that they may be liable for some of the allegations set forth by Plaintiff in her operative complaint and request a set-off.[2]

## II.
## DISCUSSIONS BETWEEN CO-DEFENDANTS IS NOT COERCION

Plaintiff's motion for settlement approval and supporting declaration includes both erroneous and irrelevant statements regarding discussions between co-defendants. County Defendants' discussions with DCSS III Defendants regarding producing individual Gossip Grill employees for informal statements was in no way "coercion." Rather, it was for the purpose of allowing County Defendants to obtain DCSS III Defendants' versions of what occurred should they be dismissed from the action. County Defendants initially expected that such depositions would be noticed by Plaintiff. However, due to the settlement between Plaintiff and DCSS III Defendants, this was not a guarantee. County Defendants wanted assurance that they would be able to speak with Gossip Grill employees, many whom are no longer employed at Gossip Grill, to understand their version of events and allow them to authenticate documents and surveillance video even after they were dismissed from the case. Any characterization of County Defendants' discussions with co-defendants as improper or coercive is patently incorrect.

DATED: July 23, 2021              Office of County Counsel

By: s/ALEXA KATZ, Deputy
Attorneys for Defendants County of San Diego and Emily Chow

---

[2] DCSS III Defendants agreed in email communications that they did not oppose including similar language in the Good Faith Settlement Agreement. Plaintiff, however, did oppose adding the language proposed by both the City and County, which would have amounted to no more than a sentence or two. Plaintiff takes the position that the inclusion of such a reservation of rights was unnecessary and that the "settlement agreement posed no threats to waiving such rights in the first place." (ECF No. 129-2, ¶ 15.) Based on this statement, it is unclear why Plaintiff refused to work with the City and County to include the language, which would have avoided the need to file this motion.