|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 3 | Ashley R. VUZ, | Case No.: 20-cv-0246-GPC-AGS |
| 4 | Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER (ECF 133)** |
| 5 | v. | |
| 6 | DCSS III, Inc. (d/b/a Gossip Grill), et al., | |
| 7 | Defendants. | |

Plaintiff Vuz applies to "[modify] the scheduling order to continue . . . discovery deadlines" by 28 days. (*See* ECF 133.) A scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause may be found when the moving party shows that it is "unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order." *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012); *see also* Fed. R. Civ. P. 16 advisory committee's note ("[T]he court may modify [a scheduling order] if it cannot reasonably be met despite the diligence of the party.").

Vuz claims that good cause exists to continue discovery deadlines because "[p]laintiff has been unable—for financial reasons—to obtain an expert witness without having access to funds from the settlement with [d]efendant DCSS III, Inc." (ECF 133-1, at 2.) The following is a timeline of settlement events:

| Date | Event |
|---|---|
| November 2020 | Vuz settles with defendant DCSS III, Inc. (ECF 133-2, at 2.) At the time, expert witness designations and disclosures are due July 1, 2021. (*See* ECF 105, at 1.) |
| February 9, 2021 | DCSS III, Inc. circulates a settlement agreement for all parties to review. (ECF 133-2, at 2.) |

| | | |
|---|---|---|
| 1 2 | March 9, 2021 | Defendants County of San Diego and City of San Diego submit their joint position on the agreement, proposing additional terms. (ECF 136-1, at 2; ECF 133-2, at 2.) |
| 3 | April 6, 2021 | Vuz does not agree to the proposed changes. (ECF 136-1, at 2.) |
| 4 | April 16, 2021 | Vuz sends a follow-up email about the agreement status. (*Id.*) |
| 5 | April 21, 2021 | County of San Diego reiterates the City and County's position. (*Id.*) Vuz responds that she will be filing a noticed motion. (*Id.*) |
| 6 7 | June 4, 2021 | Vuz and DCSS III, Inc. file a joint motion for settlement approval without the City and County of San Diego. (*See* ECF 123). A hearing is set for September 17, 2021. (*Id.* at 1.) |
| 8 9 10 | June 28-29, 2021 | Because City of San Diego needed to substitute counsel, the parties jointly move to briefly extend discovery deadlines (ECF 130), which the Court grants. (ECF 131.) The deadline for expert designation and disclosures is moved from July 1, 2021, to July 12, 2021. (*Id.*) |
| 11 12 | July 12, 2021 | Vuz moves *ex parte* to extend discovery deadlines by 28 days. (ECF 133.) |

Defendant County of San Diego opposes any further extension because "it was Plaintiff and her counsel's dilatoriness that led to Plaintiff's current predicament." (ECF 136, at 3.) The Court agrees. Vuz claims that she "was never under the impression that the County would refuse to agree to a joint statement of dismissal." (ECF 139, at 4.) But Vuz knew the County's position on the settlement as early as March 9, 2021. (ECF 136-1, at 2.) The County reiterated its position on April 21, 2021. (*Id.*) And Vuz certainly knew the County's position by June 4, 2021, when she filed her joint motion for settlement approval excluding the County. (*See* ECF 123.)

If the County's actions were impeding expert discovery, Vuz could have moved to continue deadlines on March 9, April 21, or even June 4, 2021—rather than wait until July 12, 2021, the very day expert designations and disclosures were due. (*See* ECF 131, at 1.) Or Vuz could have asked for a later date on June 28, 2021, when the parties agreed to briefly extend discovery. (*See* ECF 130.) Furthermore, when plaintiff filed the joint statement for settlement approval on June 4, 2021, she knew that the settlement-approval hearing date was set for September 17, 2021—months after the expert designation deadline—so no settlement funds would have been available in time to hire an expert

2

witness anyway. (*See* ECF 123, at 1.) Because the financial matters delaying plaintiff's expert discovery were reasonably foreseeable, Vuz has not demonstrated diligence in pursuing a deadline extension "once it became apparent [plaintiff] could not comply with the scheduling order." *See Sharp*, 288 F.R.D. at 467.

Thus, the Court **DENIES** plaintiff's motion to amend the scheduling order.

Dated: July 27, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge