1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ASHLEY VUZ, | Case No.:  20-cv-246-GPC-AGS |
| 12                              Plaintiff, | **ORDER GRANTING:** |
| 13  v. | |
| 14  DCSS III, INC., a California corporation | **(1) THE MOTION FOR SETTLEMENT APPROVAL; AND** |
|     d/b/a GOSSIP GRILL; DWAYNE | |
| 15  WYNNE, an individual; MARIA | |
| 16  MARTINEZ ROCHA, an individual, | **(2) THE MOTION FOR VOLUNTARY DISMISSAL OF SETTLING DEFENDANTS UNDER FED. R. CIV. P. 41(a)(2).** |
|     formerly identified as Doe No. 1; | |
| 17  ARNELL CASTEEL, an individual, | |
|     formerly identified as Doe No.2; | |
| 18  JERMAINE CASTANEDA, an | |
| 19  individual, formerly identified as Doe No. | **[ECF No. 128]** |
| 20  3; COUNTY OF SAN DIEGO, a political | |
|     subdivision of the State of California; | |
| 21  EMILY CHOW, an individual; CITY OF | |
| 22  SAN DIEGO, a municipal corporation; | |
|     MATTHEW ZAJDA, an individual; DOE | |
| 23  Nos. 4 through 34, individuals, | |
| 24                              Defendants. | |

25  / / /
26  / / /
27  / / /
28

1

Before the Court is the Plaintiff's and Settling Defendants' Motion for Settlement Approval and Voluntary Dismissal filed on June 17, 2021.  ECF No. 128.  The remaining, non-settling defendants, the City of San Diego and Officer Matthew Zajda ("City Defendants") filed their response on July 23, 2021.  ECF No. 141.  The County of San Diego and Nurse Emily Chow ("County Defendants") also filed their response on July 23, 2021.  ECF No. 140.

For the foregoing reasons, Plaintiffs' and Settling Defendants' motions for settlement approval and voluntary dismissal are GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court incorporates the factual background describing the events Plaintiff alleges in her Complaint from its earlier Orders in this case.  *See* ECF Nos. 65 and 90. Plaintiff's complaint alleges violations of state and federal law against a number of defendants, including a private business and some of its employees, the City of San Diego, and the County of San Diego.  The group of private defendants includes DCSS III, Inc., d/b/a Gossip Grill; Dwayne Wynne, a Gossip Grill employee; Maria Martinez, Arnell Casteel, and Jermaine Castaneda, individuals formerly identified in the Complaint as Does No. 1, 2, and 3, respectively, also described as the "Gossip Does."  The public defendants include the City of San Diego and Matthew Zajda (a San Diego Police Department officer), as well as the County of San Diego, Jenny Chow (a Nurse at SDJC) and Does 31-34 (employees at SDJC).  Neither the City Defendants nor the County Defendants has agreed to settle the claims Ms. Vuz alleged against each party, and the case as to those defendants ("Non-Settling Defendants") continues.  The settlement at issue in the instant motion is between Plaintiff Ashley Vuz and the group of private defendants ("Settling Defendants," collectively).

On June 17, 2021, Plaintiff Ashley Vuz and Settling Defendants filed a motion for settlement approval.  ECF No. 128, Mot. at 5.  Plaintiff and Settling Defendants reached

20-cv-246-GPC-AGS

an agreement as to the terms of the settlement on January 13, 2021.  ECF No. 129-2, Graham Decl. ¶ 9.  The terms of the settlement provide that Plaintiff's payment and the release of Settling Defendants from the case are contingent upon a determination of good-faith by the Court.  ECF No. 128, Mot. at 2, 5.  The attorney who represents Settling Defendants distributed the settlement to counsel for Non-Settling Defendants in February 2021.  Graham Decl. ¶ 12.  According to Plaintiff's and the Settling Defendants' counsel, the City and County did not agree to the terms of a proposed joint stipulation for dismissal that would have allowed Plaintiff and Settling Defendants to simply request voluntary dismissal under Rule 41(a)(1).  ECF No. 128, Mot. at 13 ¶¶ 13-14.  Specifically, City Defendants wanted to include the following language:

> The parties agree that this settlement does not affect the non-settling Defendants' ability to request a setoff against the total recoverable damages or to request that the jury make an apportionment determination (including an allocation as to DCSS, Inc. and the individual DCSS defendants) for purposes of awarding damages at trial." *Id*.; ECF No. 123-6, Ex. F at 2.

And in April 2021, an attorney for County Defendants wrote:

> The agreement needs to include language stating that City and County Defendants reserve their right to include Gossip Grill on a jury form and that City and County Defendants are not waiving their right to request that Gossip Grill defendants be included on the form by signing the agreement. We can resolve any issues with the actual jury form when we get to that point, but we need to ensure that we do not waive any rights by agreeing to the good faith settlement agreement."  ECF No. 123-7, Ex. G at 2.

Neither the City nor the County contends that the settlement between Plaintiff and Settling Defendants was negotiated or agreed upon in bad faith.  Based on the Court's understanding, neither the City nor the County objects to any of the terms of the settlement itself.  Rather, the instant motion is before the Court because all parties could not agree to the language in the proposed stipulation for voluntary dismissal under Rule 41(a)(1)(A)(ii), which requires *all parties* to sign the stipulation. Plaintiff and Settling

3

1  Defendants filed the instant motion so the Court could effectuate the terms of the

2  settlement agreement and to dismiss Settling Defendants from the case.

3  **LEGAL DISCUSSION**

4  <u>Good Faith Settlement</u>

5  Under California Code of Civil Procedure section 877, "[w]here a release . . . is

6  given in good faith before . . . judgment to one or more of a number of tortfeasors

7  claimed to be liable for the same tort, or to one or more other co-obligors mutually

8  subject to contribution rights" the release "discharge[s] the party to whom it is given from

9  all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877(a), (b).

10  Under section 877.6, settling parties, "may give notice of settlement to all parties and to

11  the court, together with an application for determination of good faith settlement." *Id.* §

12  877.6(a)(2).

13  Where, as here, a settlement agreement involves the resolution of California state

14  law claims, the district court applies California law to those claims.  The criteria set forth

15  by the California Supreme Court in *Tech-Bilt, Inc. v. Woodward-Clyde Assoc.*, 38 Cal.

16  3d. 488 (1985), governs the court's analysis.  The *Tech-Bilt* factors essentially ask the

17  court to determine whether a particular settlement was made in good faith, considering a

18  number of factors: (1) an approximation of plaintiff's total recovery; (2) the among paid

19  in the settlement; (3) the allocation of settlement proceeds among plaintiffs; and (4) a

20  recognition that a settlor should pay less in settlement than he would if he were found

21  liable after a trial; (5) financial conditions and insurance policy limits of settling

22  defendants; (6) whether there was "collusion, fraud, or tortious conduct to injure the

23  interests of nonsettling defendants." *Id.* at 499-500.  Moreover, "the party asserting a

24  lack of good faith, who has the burden of proof on that issue . . . should be permitted to

25  demonstrate, if he can, that the settlement is 'out of the ballpark' in relation to these

26

27  4

28

factors." *Id.*; *see also Mason & Dixon Intermodal, Inc. v. Lampaster Intern. LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011).

A court need only conduct a factor-by-factor *Tech-Bilt* analysis if the settlement at issue is disputed by the nonsettling parties. *Guy by & through Guy v. Lorenzen*, No. 20-cv-2027-BAS-BLM, 2021 WL 276708, at *1-3 (S.D. Cal. Jan. 11, 2021) (citing *Marine Grp. LLC v. Marine Travelift, Inc.*, 2013 WL 416407, at *4 (S.D. Cal. Jan. 30, 2013). When the nonsettling parties do not dispute the terms of the settlement itself, a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." *Id.* at *7.

After reviewing the Plaintiff's and Settling Defendants' motion, the non-settling Defendants' responses, and the declarations and exhibits attached therein, the Court finds that there is no reason to withhold approval of the settlement.  Neither the City nor County Defendants take issue with the terms of the settlement agreement between Plaintiff and Settling Defendants.  Further, the nonsettling parties have expressed affirmatively in writing, and orally at the motion hearing, that there is no contention whatsoever that the settling parties acted in bad faith.

Nor do the nonsettling parties—the parties meant to be protected by California's good-faith determination—allege there is any other reason to withhold approval and dismissal.  The settlement amount between Plaintiff and Settling Defendants is reasonable, considering Plaintiff's potential recovery, and Settling Defendants' financial limitations.  Similarly, there is no suggestion that the settlement prejudices the nonsettling parties.  The concerns expressed in Non-Settling Defendants' papers regarding depositions, setoff amounts, and jury forms will be properly addressed in the period leading up to trial.  The Court finds the settlement between Plaintiff and Settling Defendants was negotiated and agreed upon in good faith under California law.

1        <u>Rule 41 Voluntary Dismissal</u>

2        Under Rule 41(a)(1)(A)(ii), a plaintiff may use a stipulation of voluntary dismissal

3    to dismiss an action by filing "a stipulation of dismissal signed by all parties who have

4    appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The majority rule among courts is that parties

5    may stipulate to dismiss all claims against some, but fewer than all, of the defendants in a

6    case. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687

7    (9th Cir. 2005).  Under this mechanism, plaintiff is entitled to dismissal and does not

8    need the court's approval.  Fed. R. Civ. Pro. 41(a)(1)(A)(ii); *see Am. Soccer Co. v. Score*

9    *First Enterprises*, 187 F.3d 1108, 1112 (9th Cir. 1999) ("Rule 41 does not authorize a

10   court to make a case-by-case evaluation of how far a lawsuit has advanced to decide

11   whether to vacate a plaintiff's voluntary dismissal")).

12       Rule 41(a) voluntary dismissal requires a stipulation of dismissal signed by all

13   parties that have appeared in the action. If there is disagreement surrounding the terms of

14   the settlement or stipulation, the plaintiff may turn to Rule 41(a)(2). Under Rule 41(a)(2),

15   "an action may be dismissed at the plaintiff's request only by court order, on terms that

16   the court considers proper. If a defendant has pleaded a counterclaim before being served

17   with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's

18   objection only if the counterclaim can remain pending for independent adjudication.

19   Unless the order states otherwise, a dismissal under this paragraph (2) is without

20   prejudice."  Fed. R. Civ. P. 41(a)(2).  A motion for voluntary dismissal under Rule

21   41(a)(2) requires district court approval and is "addressed to the district court's sound

22   discretion." *Young v. Son*, 50 F.3d 19 (9th Cir. 1995) (quoting *Stevedoring Services of*

23   *America v. Armilla Int'l,* 889 F.2d 919, 921 (9th Cir.1989)); *see also Wilson v. City of San*

24   *Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  This device "usually comes into play when the

25   parties are unable to agree on the terms of dismissal, but the plaintiff wants to dismiss

26   without prejudice, and then the court may want to attach to the dismissal conditions to

27

28

protect the defendant." James M. Wagstaffe, § 42.III Voluntary Dismissal By Court Order, 3 Practice Guide: Fed. Civ. Pro. Before Trial 2017 (quoting *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985)).

The test for a voluntary dismissal in the Ninth Circuit asks district courts to evaluate four factors: (1) the defendant's effort and expense in preparing for trial; (2) the plaintiff's excessive delay or lack of diligence in prosecuting the action; (3) any insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) whether a summary judgment motion has been filed by the defendant. Wright & Miller, § 2364 Voluntary Dismissal— Discretion of the Court, 9 Fed. Prac. & Proc. Civ. § 2364 (4th ed.). In weighing the four factors, courts in the Tenth Circuit have indicated that prejudice to the opposing party is the most important factor in deciding a voluntary dismissal motion. *Id.* And some district courts have observed that, at bottom, Rule 41(a)(2) motions require three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Id.*

Here, the Court finds that voluntary dismissal of Settling Defendants under Rule 41(a)(2) to remove Settling Defendants from the action is proper. Because the City and County Defendants did not agree to the terms of the stipulation for dismissal that would have allowed Settling Defendants to be dismissed via a stipulation under Rule 41(a)(1)(a)(ii), Plaintiff properly moved the Court for dismissal under Rule 41(a)(2). Rule 41(a)(2) puts dismissal within the Court's discretion. Finding no reason to withhold approval of the settlement whose terms are not objectionable to Non-Settling Defendants, the Court therefore finds that Rule 41(a)(2) dismissal is appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's and Settling Defendants' motion for settlement approval upon a finding of good-faith settlement, and

20-cv-246-GPC-AGS

GRANTS the motion for voluntary dismissal Rule 41(a)(2) with prejudice, and with no further conditions applied to Plaintiff or Settling Defendants.

**IT IS SO ORDERED.**

Dated:  September 22, 2021

Hon. Gonzalo P. Curiel
United States District Judge

8