UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashley R. VUZ,<br><br>Plaintiff,<br><br>v.<br><br>DCSS III, INC., et al.,<br><br>Defendants. | Case No.: 20-cv-0246-GPC-AGS<br><br>**ORDER ON DEFENDANTS' DISCOVERY MOTION**<br>**(ECF 116 & 119)** |

Federal Rule of Evidence 612 permits the opposing party to inspect writings used to refresh a witness's memory. But what if that writing is privileged? Does Rule 612 trump the privilege? This discovery dispute turns on that question.

## BACKGROUND

After plaintiff Ashley Vuz's allegedly improper arrest, she called attorney Ryan Graham for help. (*See* ECF 117, at 1.) Graham asked her to draft "a diary-like narrative of the events . . . for the purpose of evaluating Plaintiff's potential case." (ECF 119-1, at 17; *see also* ECF 117-1, at 2.) Vuz did so, gave those notes to Graham, and eventually hired him as counsel. (ECF 117-1, at 1-2.) After Vuz's criminal case was dropped, Graham helped her bring this civil-rights suit.

At her deposition, Vuz said that she prepared for her testimony by reviewing the narrative that she wrote for her attorney. (ECF 116-3, at 6-7.) When defendant County of San Diego asked to inspect those notes, Vuz objected on privilege grounds. (ECF 116-1, at 7.) The County moved for disclosure, and the Court ordered an *in camera* review.

## DISCUSSION

To decide whether Vuz's notes must be turned over, this Court must analyze the interplay between Rule 612 and privilege.

**A.    Rule 612**

If "a witness uses a writing to refresh memory," the adverse party is typically "entitled to have the writing produced at the hearing." Fed. R. Evid. 612(a)&(b). When the

1

witness refreshes recollection with a writing "before testifying," those notes must be produced "if the court decides that justice requires [it]." Fed. R. Evid. 612(a)(2). "[J]ustice requires" disclosure when there is "some evidence that a witness actually relied upon documents in giving his testimony or that those documents somehow influenced his testimony." *T & S Enters., L.L.C. v. Sumitomo Corp. of Am.*, No. 11CV1318-GPC MDD, 2012 WL 4845544, at *1 (S.D. Cal. Oct. 10, 2012). *Compare id.* at *2 (ordering disclosure of a timeline after plaintiff admitted to reviewing it "to help [him] testify better"), *and Hoot Wine, L.L.C. v. McGladrey Fin. Process Outsourcing*, No. 08CV1559, 2010 WL 3894966, at *5 (S.D. Cal. Sept. 29, 2010) (granting discovery when it was "apparent to the Court that [the witness] has refreshed her recollection by at least 'scanning' her report"), *with United States v. Bourseau*, No. 03CV00907, 2005 WL 8173191, at *5 (S.D. Cal. Aug. 9, 2005) (denying discovery because the defense "failed to ask [the witness] during her deposition whether she had refreshed her memory by using any of the documents at issue," preventing the court from determining whether her testimony was "directly affected by the privileged documents"). These principles apply equally to trials and depositions. *See T & S Enters.*, 2012 WL 4845544, at *1 (citing Fed. R. Civ. P. 30(c) & Fed. R. Evid. 612).

Before her deposition, according to her testimony, Vuz "reviewed [her] notes that [she] took at the time the incident occurred" so that she could "recall everything that had happened, in the manner which it had happened." (ECF 116-3, at 6, 13-14.) This testimony confirms that Vuz not only relied on the notes to refresh her memory, but that they influenced her testimony. Thus, Rule 612 requires disclosure, absent any countervailing privilege concerns. *See Thomas v. Euro RSCG Life*, 264 F.R.D. 120, 122 (S.D.N.Y. 2010) (granting disclosure when plaintiff reviewed her notes because it would "be very difficult for [her] to recount all of the conversations").

**B.   The Interplay Between Rule 612 and Privilege**

Courts are divided on "how to reconcile Rule 612 . . . with attorney-client privilege and work product protection." *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 398 (D. Or. 2017). Some courts have treated Rule 612 as an absolute waiver of privilege.

*See, e.g., United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 25 (N.D. Cal. 1985) ("[Rule 612] permit[s] discovery of writings [because] . . . any privilege or work product protection against disclosure is deemed waived as to those portions so reviewed."); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982) ("[Courts] have generally agreed that the use of protected documents to refresh a witness'[s] memory prior to testifying constitutes a waiver of the protection."). Many courts today, however, reject the absolute-waiver approach and instead employ "a test that balances the interests promoted by recognizing Rule 612 rights . . . against the burden those rights impose on work-product and privilege protections." 28 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 6188 (2d ed. 2021); *see also Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12CV2079-GPC(KSC), 2014 WL 12026073, at *5 (S.D. Cal. May 20, 2014) ("[Courts] engage in a balancing test considering such factors as whether production is necessary for fair cross-examination or whether the examining party is simply engaged in a 'fishing expedition.'" (citation omitted)).

Finally, some courts conclude that Rule 612 "was not meant to repeal the attorney client relationship" in the first place. *See Suss v. MSX Int'l Eng'g Servs., Inc.*, 212 F.R.D. 159, 164 (S.D.N.Y. 2002); *see also Stamps.com, Inc. v. Endicia, Inc.*, No. CV 06-7499, 2008 WL 11338241, at *6 (C.D. Cal. Oct. 6, 2008) (denying a motion to compel documents reviewed before a deposition, as there was "no indication that [plaintiff's] review of unredacted versions of any particular document constituted a waiver of privilege").

This last view finds strong support from Supreme Court precedent on statutory construction. "Statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident." *Pasquantino v. United States*, 544 U.S. 349, 359 (2005) (alterations and citations omitted); *see also United States v. Texas*, 507 U.S. 529, 534 (1993) ("In order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law."). Nothing in Rule 612 evinces an "evident"

Congressional intent to infringe upon attorney-client or work-product protections. So the Court must presume that Rule 612 left those common-law principles unscathed.

In fact, the legislative history staunchly supports this conclusion. In 1974, the Advisory Committee cautioned that "nothing" in Rule 612 should "be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." Fed. R. Evid. 612 advisory committee's note to 1974 enactment. The Chair of the relevant subcommittee that year likewise emphasized that Rule 612 "was not meant to repeal the attorney-client relationship," and it "does not wipe out . . . the law as it exists regarding the privilege of attorney-client relationships, or their work products." 120 Cong. Rec. 2382 (1974). *See also Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 386 n.1 (N.D. Cal. 1991) ("[W]e choose not to base our disposition of defendant's motion on doctrine emanating from Federal Rule of Evidence 612, in part because we are not satisfied that any court has explained sufficiently how, *in light of its legislative history* . . . , this Rule could be used to compel disclosure of communications that otherwise would be privileged or protected as work product.").

This Court will apply Rule 612 in a manner that conforms with these Supreme Court precedents and the legislative history. Thus, "the relevant inquiry is not simply whether the documents were used to refresh the witness's recollection, but rather whether the documents were used in a manner which waived the . . . privilege." *Suss*, 212 F.R.D. at 164.

**C. Privilege**

The next question is whether Vuz's notes are protected by attorney-client privilege.[1]

---

[1] The Court does not address the issue of the work-product doctrine, as the work-product analysis here rises and falls with the attorney-client privilege. That is, a party may discover work-product materials if, among other things, they are "otherwise discoverable under Rule 26(b)(1)" (meaning, *nonprivileged*, relevant, and proportional). *See* Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).

4

### 1. Governing Law

"In federal question cases . . . in which state law claims are also raised . . . , any asserted privileges relating to evidence relevant to both state and federal claims are governed by federal common law." *Soler v. Cnty. of San Diego*, No. 14CV2470-MMA (RBB), 2016 WL 11621299, at *9 (S.D. Cal. July 18, 2016). Vuz alleges both federal civil-rights and state-law claims, so the Court will apply federal common law to any privilege analysis. (*See* ECF 68, at 24-48.) The party resisting discovery "bears the burden of proving that the withheld documents are protected by the attorney-client or work-product privileges and that the privilege has not been waived." *Kirkpatrick v. Cty. of Oakland*, Case No. 20-cv-05843-JSC, 2022 WL 137628, at *1 (N.D. Cal. Jan. 14, 2022).

### 2. Attorney-Client Privilege

To determine if material is protected by the attorney-client privilege, the Ninth Circuit applies an eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation,* 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (citation omitted).

The documents at issue are the notes that Vuz wrote under counsel Graham's direction. (ECF 117-1, at 2.) Vuz was a prospective client seeking legal advice from a lawyer "in his capacity as such," and her notes were made in confidence for the attorney and related to the legal advice sought. *See In re Grand Jury Investigation,* 974 F.2d at 1071 n.2 (citation omitted); *see also Coleman v. Sterling*, No. 09-CV-1594-W (BGS), 2011 WL 13176815, at *5 (S.D. Cal. July 18, 2011) (noting that the privilege "extends to preliminary consultation by a prospective client with a view to retention of the lawyer"). So, unless Vuz waived the attorney-client privilege, her notes are "permanently protected." *See In re Grand Jury Investigation,* 974 F.2d at 1071 n.2.

### 3. Waiver

Did Vuz waive that privilege? Waivers may be express or implied. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116-17 (9th Cir. 2020). An express waiver is when a party "voluntarily disclos[es] privileged documents to third parties" or "otherwise shows disregard for the privilege by making the information public." *Id.* (citation omitted). Because she never disclosed her notes to anyone but her attorney, Vuz did not expressly waive privilege.

Defendants' last hope, then, is the doctrine of implied waiver. A privilege is impliedly waived when: "(1) [t]he party asserting the privilege acts affirmatively (2) to place the privileged communications in issue between the party seeking discovery and itself (3) such that denying access to the communication becomes manifestly unfair to the party seeking discovery." *Sonix Tech. Co. Ltd v. Yoshida*, No. 12CV380-CAB (DHB), 2015 WL 11199833, at *1 (S.D. Cal. July 13, 2015) (citation omitted). The doctrine "prevent[s] a party from using the privilege as both a shield and a sword." *Sanmina Corp.*, 968 F.3d at 1117. "Mere disclosure of [an] underlying fact would not waive the privilege or protection as to a communication containing that fact. . . . But revealing that a communication contained that fact discloses the substance of the communication and, thus, waives the privilege" as to that communication. *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 511 (S.D. Cal. 2003); *see, e.g.*, *Sommer v. United States*, No. 09CV2093, 2012 WL 28337, at *4 (S.D. Cal. Jan. 5, 2012) (ruling that plaintiff put a privileged communication at issue by asserting what the expert said, which "implicitly waiv[ed] privilege"); *cf. Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 314CV00751GPCDHB, 2016 WL 4361808, at *9 (S.D. Cal. Aug. 16, 2016) (holding that defendants' privilege was not waived because "it was [plaintiff, not defendant,] that initially placed the [privileged defense materials] at issue by quoting from them" in their first amended complaint).

Vuz did not place the privileged material at issue here. In her deposition, she never divulged the contents of her notes. (*See generally* ECF 116-3.) Nor did she attempt to use them offensively to further her case, bolster her credibility, or assert a new claim. (*Id.*) She

6

answered some of the defense's questions about her notes, while her attorney raised privilege objections to that line of examination. Because Vuz consistently tried to shield her notes from disclosure—and never attempted to use them as a "sword"—she did not impliedly waive the attorney-client privilege. Thus, disclosure is unwarranted.

### CONCLUSION

Although Rule 612 would typically require disclosure of any writings used to refresh a witness's memory, it does not overcome the attorney-client privilege, which safeguards Vuz's notes. So, defendants' motion to disclose them is **DENIED**.

Dated:  February 22, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge