UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY VUZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DCSS III, INC., et al.,,<br><br>　　　　　　　　　Defendants. | Case No.:  20-cv-246-GPC-AGS<br><br>**ORDER DENYING PETERSON BRADFORD BURKWITZ'S OBJECTION**<br><br>**[ECF No. 216]** |

Before the Court is non-Party law firm Peterson Bradford Burkwitz's ("PBB") Objection to Magistrate Judge Schopler's Report and Recommendation regarding the settlement distribution. ECF No. 216. Judge Schopler entered this Report and Recommendation on July 15, 2022, recommending that PBB be entitled to no recovery and that its lien be discharged. ECF No. 209. PBB's Objection was filed on July 29, 2022, and Plaintiff Ashley Vuz ("Plaintiff") filed a Response on August 12, 2022. ECF No. 216, 219.

For the reasons below, the Court **DENIES** PBB's Objection and adopts Magistrate Judge Schopler's Report and Recommendation in full. PBB is entitled to no recovery, and its lien is hereby discharged. ECF No. 78.

## BACKGROUND

On July 15, 2022, Magistrate Judge Andrew G. Schopler held a hearing to address: (1) the distribution of settlement proceeds from the January 2021 settlement between Plaintiff and Defendants DCSS III, Inc. and associated individual defendants (collectively "Gossip Grill Defendants"), and (2) a lien asserted by PBB (Plaintiff's former counsel) on Plaintiff's total recovery in this case. ECF No. 209. Magistrate Judge Schopler issued a Report and Recommendation recommending that PBB be entitled to no recovery and that its lien be discharged because the firm withdrew from representing Plaintiff without justifiable cause. ECF No. 209. PBB timely objected to this ruling. ECF No. 216.

The Court recounts the facts relevant to the instant ruling. In April 2019, Plaintiff and PBB entered into a contingency fee agreement providing that PBB's legal fees would be 35% of any net recovery against any party to this litigation. ECF No. 170 at 2. In February 2020, while represented by PBB, Plaintiff filed this action. ECF No. 1. Ryan Graham, a PBB attorney who had represented Plaintiff in this matter left PBB in October 2020. ECF 219 at 1. Mr. Graham, as a solo practitioner, then substituted as Plaintiff's counsel. *Id.* In January 2021, Plaintiff reached a settlement with the Gossip Grill Defendants which was approved by the Court in September 2021. ECF No. 129, 146. On October 8, 2021, Plaintiff filed an *Ex Parte* Motion to determine distribution of the settlement proceeds. ECF No. 151. Shortly thereafter, Plaintiff's then-counsel, Mr. Graham, failed to file an Opposition to the Motions for Summary Judgment and effectively abandoned representation of Plaintiff. *See e.g.*, ECF Nos. 154, 166. The matter was continued until Plaintiff was able to obtain her current counsel. ECF Nos. 188-91.

Plaintiff filed briefing on the issue of the settlement distribution on June 20, 2022. ECF No. 201. PBB filed its Response on June 27, 2022, and Plaintiff filed an Objection

on June 28, 2022. ECF Nos. 202, 203. Magistrate Judge Schopler held a hearing on July 15, 2022. ECF No. 209.

## LEGAL STANDARD

Because this objection involves the distribution of settlement proceeds and is thus a non-dispositive matter, Federal Rule of Civil Procedure Rule 72(a) governs. Pursuant to Rule 72(a), a party to a hearing before a magistrate judge may file an objection to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The "clearly erroneous" prong "applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D 375, 378 (S.D. Cal. 2000). To overturn something as "clearly erroneous," a district judge must have a "definite and firm conviction that a mistake has been committed." *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015). The "contrary to law" prong "permits independent review of purely legal determinations by the magistrate judge." *Deposit Co. of Maryland*, 196 F.R.D. at 378. A magistrate judge's order will be contrary to law if it "applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).

## DISCUSSION

### I.     The Magistrate Judge's Ruling

In the hearing, Magistrate Judge Schopler provided reasoning for his recommendation that PBB receive no proceeds from the settlement and that its lien be discharged. Specifically, Judge Schopler stated that if a client fires an attorney, the attorney has a quantum meruit claim against any ultimate recovery, but an attorney that

voluntarily withdraws from representation cannot later seek fees for services rendered. ECF No. 218 at 7 (citing *Rus, Miliband & Smith v. Conkle & Olesten*, 113 Cal. App. 4th 656, 671 (2003); *Schroeder vs. San Diego Unified Sch. Dist.*, No. 7-cv-1266, 2010 WL 1948235, at *5 (S.D. Cal. May 12, 2010)). An inequity will result from allowing a lawyer to "capitalize on their own voluntary actions [that leave the] client lawyerless by collecting fees from a post-withdrawal settlement." *Id.* The ultimate issue was "whether Ms. Vuz voluntarily changed counsel, which is akin to firing her counsel, or whether PBB voluntarily withdrew from representing Ms. Vuz." *Id.* at 8.

PBB argued that Plaintiff voluntarily changed counsel because she wanted to continue representation with Mr. Graham after he had left PBB. *Id.* Plaintiff argued that "she was abandoned by PBB." *Id.* at 9. Specifically, Plaintiff states that PBB "informed [her] in an email that they would not continue on as counsel with Mr. Graham and did not see it as feasible to continue representing her, even without Mr. Graham's involvement." *Id.* Judge Schopler reviewed the record and ultimately found there were no circumstances indicating a reason for mandatory withdrawal on the part of PBB and as such they were not entitled to recovery. ECF No. 218 at 28.

## II.     PBB's Objections and Plaintiff's Response

PBB's Objection raises two arguments. First, PBB argues that to give PBB "no renumeration (zero) despite the hundreds of hours expended" would be unfair. ECF No. 216 at 4. Second, PBB argues that PBB did not "abandon" Plaintiff. *Id.* Plaintiff argues PBB's Objection should be rejected because their objections are not sufficiently specific to identify the particular portion of the Report and Recommendation PBB disagrees with. ECF No. 219 at 4. Plaintiff also argues PBB's objections are meritless because it would not be unfair to deny settlement proceeds to PBB because of the amount of litigation that happened after their withdraw and that it is clear in the record PBB is the party who voluntarily withdrew from representation. *Id.* at 4-5.

### III.   Analysis

An attorney retained on a contingency fee basis cannot voluntarily withdraw from representing a client and then later seek fees for the value of services rendered. *Schroeder*, 2010 WL 1948235, at *5 (citing *Estate of Falco v. Decker*, 188 Cal. App. 3d 1004, 1014 (1987)). To retain fees after withdrawing from a contingency fee representation, counsel must show withdraw was mandatory for ethical reasons and that they in fact withdrew for that justifiable reason. *Id.* (citing *Falco*, 188 Cal. App. 3d at 1015). This is heightened standard, and to recover after withdrawal from a contingent fee arrangement, an attorney must show: (1) counsel's withdrawal was mandatory, not merely permissive, under statute or State Bar rules; (2) the overwhelming and primary motivation for counsel's withdrawal was the obligation to adhere to these ethical imperatives under statute or State Bar rules; (3) counsel commenced the action in good faith; (4) subsequent to counsel's withdrawal, the client obtained recovery; and (5) counsel has demonstrated that his work contributed in some measurable degree towards the client's ultimate recovery. *Id.* (citing *Falco*, 188 Cal. App. 3d at 1016). "While a personality clash between the parties may provide good reason for allowing the attorney to withdraw, it is not necessarily a justifiable reason for purposes of awarding fees." *Falco*, 188 Cal. App. 3d at 1014.

Thus, the critical issues here are (1) whether it was Plaintiff who terminated PBB's representation or vice versa; and (2) whether PBB's withdrawal was voluntary or mandatory under the Rules. As to the first question, the Court agrees with Judge Schopler that it was PBB who terminated this representation. Specifically, an October 8, 2020 email from PBB to Plaintiff states that "[t]here may be a question as to whether you would want to continue working with PBB as counsel, without Ryan Graham's involvement. Again, we do not view that as feasible." ECF No. 218 at 26. An individual in Plaintiff's shoes would reasonably interpret this to mean that under no circumstances,

with or without Mr. Graham, would PBB represent Plaintiff. Nothing in the record indicates that Plaintiff had voluntarily and definitively closed the door on PBB's continued representation of her without Mr. Graham prior to the October 8, 2020 email.

As to the second question, the Court further agrees with Judge Schopler that mandatory withdrawal of PBB under the Rules was not required in this situation. The California Rules of Professional Conduct state that withdrawal is mandatory when: (1) the lawyer knows the client is bringing an action, conducting a defense, asserting a position in litigation, etc. without probable cause and for the purpose of harassing or maliciously injuring any person; (2) the lawyer knows or reasonably should know that representation will result in violation of the Rules; (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or (4) the client discharges the lawyer. Cal. R. Pro. Conduct 1.16(a). Circumstances rising to one of these four reasons for mandatory withdrawal do not appear anywhere in the record. The declaration in PBB's initial Brief on this matter states that after Mr. Graham left PBB it "became extremely difficult and frankly awkward for the firm to continue to represent Ms. Vuz particularly because Ms. Vuz continued to trust Mr. Graham, remained friends with him and specifically told [PBB] that he would continue to represent her throughout the pendency of this matter." ECF No. 202-1 ¶ 6 (Declaration of Avi Burkwitz, Esq.). "Awkwardness" does not give rise to mandatory withdrawal under California law.

As to PBB's argument that it would be unfair for them to receive zero recovery despite their work on the settlement, the Court does not see how this has bearing on the legal question of whether they are entitled to recovery under California law. This argument also ignores the fact that to allow them to recover under these circumstances would be unfair in the sense that they were able to "shift the time, effort and risk of obtaining the recovery . . . from [their firm], who originally agreed to bear those

particular costs in the first place, to the client." *Schroeder*, 2010 WL 1948235, at *5 (citing *Rus*, 113 Cal. App. 4th at 675-76).

Further, the Court agrees with Magistrate Judge Schopler that the fact that the ultimate settlement was identical in many or all ways to the settlement terms negotiated while PBB was still counsel has no bearing on the legal analysis. ECF No. 218 at 27. It has no impact on the core issue of whether it was Plaintiff or PBB that terminated PBB's representation, or whether PBB's withdrawal was permissive or mandatory. PBB voluntarily terminated their representation of Plaintiff knowing an imminent settlement was likely, and thus they willingly renounced any potential recovery.

In conclusion, because PBB terminated their representation of Plaintiff without justifiable cause, under California law, PBB is not entitled to recover fees for any legal services rendered.

## CONCLUSION

For the reasons stated above, the Court **DENIES** PBB's Objection and adopts Magistrate Judge Schopler's Report and Recommendation on the distribution of settlement proceeds in full. PBB is entitled to no recovery and its lien is hereby discharged.

**IT IS SO ORDERED.**

Dated: September 9, 2022

Hon. Gonzalo P. Curiel
United States District Judge